NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MICHAEL ANTHONY WALCOTT,      :      CIV. NO. 20-5482 (RMB)
                             :
            Petitioner        :
                             :
     v.                       :      **OPINION**
                             :
DAVID E. ORTIZ,               :
                             :
            Respondent        :


BUMB, District Judge

On June 19, 2020, Petitioner Michael Anthony Walcott, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from prison under the CARES Act or under 18 U.S.C. § 3582(c)(1)(A), based on his fear of contracting COVID-19 while in prison. (Am. Pet., Dkt. No. 5.) Finding a lack of jurisdiction over Petitioner's request for sentence modification under § 3582(c)(1)(A), the Court ordered Respondent to file an answer to the CARES Act claim. (Order, Dkt. No. 6.) Respondent filed an answer to the Petition, opposing habeas relief. (Answer, Dkt. No. 8.)

For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

I.   BACKGROUND

In his amended petition for writ of habeas corpus, Petitioner seeks release to home confinement pursuant to the CARES Act. (Am. Pet., Dkt. No. 5.) Respondent submits that Petitioner failed to exhaust his administrative remedies before filing a petition for writ of habeas corpus under 28 U.S.C. 2241; and Petitioner is not eligible for home confinement under the CARES Act because he does not have a Minimum PATTERN score for recidivism and because he is serving a sentence for possession of child pornography. (Answer, Dkt. No. 8 at 10-11.)

II.  DISCUSSION

A.   The CARES Act

Before the CARES Act was passed on March 27, 2020, 18 U.S.C. § 3624(c)(2) provided the Federal Bureau of Prisons ("BOP") with the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (effective July 19, 2019). As part of the CARES Act, Congress sought to address the spread of the coronavirus in prisons by permitting the BOP to expand the use of home confinement under § 3624(c)(2). See Pub. L. No. 116-136, § 12003(b)(2). Upon direction of the Attorney General, Section 12003(b)(2) of the CARES Act temporarily suspends the limitation of home confinement. Id.

On April 3, 2020, the Attorney General authorized the BOP to immediately maximize transfers to home confinement of all appropriate inmates held at BOP facilities where the BOP Director determines that COVID-19 is materially affecting operations. (Declaration of James Reiser[1] ("Reiser Decl.") ¶8, Dkt. No. 8-2.) The BOP is currently assessing a number of factors to ensure that an inmate is suitable for home confinement including, but not limited to, reviewing the inmate's institutional discipline history for the last twelve months; ensuring that the inmate has a verifiable release plan; verifying that the inmate's primary offense is not violent, a sex offense, or terrorism related; and confirming the inmate does not have a current detainer. (Id., ¶18.) BOP has generally prioritized for home confinement those inmates who have served half of their sentences or who have 18 months or less remaining in their sentences and have served 25% or more of their sentences. (Id., ¶19.) These priority factors are subject to deviation in BOP's discretion and are subject to revision as the situation progresses. (Id.)

As of May 18, 2020, the BOP entered Phase Seven of its Action Plan to prevent the spread of COVID-19. (Reiser Decl., ¶21a)). The

---

[1] James Reiser is a Case Management Coordinator at FCI Fort Dix. (Reiser Decl. ¶1, Dkt. No. 4-1.)

BOP regularly updates the resource page on its website to inform the public of its modified operations. (Id., ¶21f)).[2]

B.    Standard of Law

28 U.S.C. § 2241(c)(3) provides: "The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution or laws or treaties of the United States…." The Court construes the petition as alleging Petitioner qualifies for release to home confinement under the CARES Act. There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241. Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000). In the typical case, an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The administrative remedy procedure for the BOP is set forth at 28 C.F.R. §§ 542.10 to 542.19. The procedure provides formal review of any complaint that relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10(a). For most complaints, inmates must first attempt to resolve the complaint informally with institution staff. 28 C.F.R. § 542.13(a). If that fails, the inmate may file an administrative remedy request with the Warden of the

---

[2] Available www.bop.gov/coronavirus (last visited July 16, 2020).

institution, within 20 calendar days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the Warden denies the request, the inmate may file an appeal with the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons, within 30 calendar days from the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

   C.   Analysis

   Respondent contends that the petition should be denied because Petitioner has not exhausted his administrative remedies. Petitioner has never filed an Administrative Remedy Request for home confinement under the CARES Act. (Declaration of Christina Clark[3] ¶4 and Ex. 1, Dkt. No. 8-1.) Therefore, he has not exhausted administrative remedies. Additionally, Petitioner does not meet the eligibility requirements for discretionary release to home confinement under 18 U.S.C. § 3582(c)(2), as modified by the CARES

---

[3] Christina Clark is a Senior Attorney for the Bureau of Prisons. (Declaration of John Wallace ¶1, Dkt. No. 8-2.)

Act because has a "Low PATTERN" score, and a conviction for possession of child pornography. (Reiser Decl. ¶27 and Attach. 1 & 2, Dkt. No. 8-2.)

Petitioner has not offered any justification for his failure to exhaust administrative remedies prior to filing the present petition. Furthermore, Petitioner has not alleged how the BOP failed to carry out its duties under the CARES Act.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.


An appropriate Order follows.


Date:  July 16, 2020

                              _____
                              RENÉE MARIE BUMB
                              United States District Judge